Herman F. ASSMUS, Partnership, William W. Brant, G.W. Broman and Carolyn T. Broman, Allyson T. Clark, Jay Dee Clark, Margaret D. Clark, Steven D. Clark, W.R. Courtney, Henry Frye and Josephine H. Frye, Adam Ghomy and Cynthia Ghomy, James S. Gilley and Bonnie L. Gilley, Diane D. Gilmore and Willis Clark Gilmore, Tim J. Hausler, Richard W. Head, Mary D. Hill and Donald R. Hill, Jane Miller and William Miller, J. Weldon Moffit and Held S. Moffit, Helen R. Money and Harold R. Money, Norman E. Packer, W. Merwin Pittman, Jack B. Rampton, Clifford A. Rich, Vincent Rotta, Jr., Gaylen J. Smith, Leland W. Ward and Sharon W. Ward, Jerry Dean Wheat and Carol P. Wheat, Bill R. Besser and Sally L. Besser, Nielson Oil and Real Estate Partners and Ronald D. Nielson, Plaintiffs,

v.

SOUTHMARK CORPORATION and First Associated Management, Inc., Defendants.

Civ. No. C–88–36W.

United States District Court, D. Utah, C.D.

Feb. 9, 1988.

Clark W. Sessions, Salt Lake City, Utah, for plaintiffs.

Ronald W. Goss, Weston L. Harris, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on plaintiffs' motion for withdrawal and for consolidation of several bankruptcy adversary proceedings with this district court action. Clark W. Sessions and Ronald P. Kane appeared on behalf of the plaintiffs. Ronald W. Goss appeared on behalf of the defendants. Weston L. Harris, who represented the plaintiffs in the bankruptcy adversary proceedings, was also present at the hearing. Prior to the hearing, the court had carefully reviewed all memoranda regarding this motion and pertinent materials filed in the related bankruptcy adversary proceedings. Following oral argument, the court took the matter under advisement. Now being fully advised, the court is of the opinion that plaintiffs' motion should be denied.

### Factual Background

The plaintiffs in this action are limited partners in Forest Lane, Ltd. ("Forest Lane"), a Utah limited partnership. Forest Lane was created to own, develop and operate an apartment complex in Harris County, Texas. Forest Lane's managing general partner is First Associated Management,

Inc. ("First Associated"), a wholly-owned subsidiary of Southmark Corporation.

On April 1, 1985, Forest Lane commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. Subsequently, Forest Lane commenced separate adversary proceedings, which were later consolidated, against each limited partner in order to recover limited partnership contributions.

In response to the adversary proceedings, the limited partners made a motion to file a third-party complaint against Southmark Corporation, First Associated and Integon Life Insurance Company ("Integon").[1] The proposed third-party complaint alleged violations of Section 10(b) and Rule 10b–5 of the Securities and Exchange Act of 1934, common law fraud, breach of fiduciary duties, breach of contract, and equitable subordination.

Forest Lane opposed the limited partners' motion to join third-party defendants. On November 25, 1987, a hearing was held before the bankruptcy court, and Judge Allen ruled that the court lacked subject matter jurisdiction over the proposed third-party defendants.

On January 19, 1988, the limited partners filed a complaint in this court and alleged claims against Southmark Corporation and First Associated for violations of Section 10(b) and Rule 10b–5 of the Securities and Exchange Act of 1934, common law fraud, breach of fiduciary duties, breach of contract, and civil RICO. The limited partners also demanded a jury.

Immediately after filing their complaint in the district court, the limited partners filed a motion to withdraw the reference of the related adversary proceedings pending in the bankruptcy court and to consolidate these adversary proceedings with the civil action filed in this court. The limited partners filed their motion for withdrawal in the district court in contravention of Local Rule ·B–106 which requires that such motions be filed in the bankruptcy court.

*Discussion*

The limited partners argue that their motion to withdraw the reference can be properly filed in the district court pursuant to 28 U.S.C. § 157(d). The limited partners' argument is, in effect, that 28 U.S.C. § 157(d) permits them to file their withdrawal motion in the district court despite any local procedural rule that provides otherwise.

Subsection 157(d) of title 28 provides: The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This subsection provides statutory grounds enabling the district court to withdraw a case or proceeding referred by subsection 157(a) to the bankruptcy court. Permissive or mandatory withdrawal, as described by the statute, is available under subsection (d).

Bankruptcy Rule 5011(a), promulgated by the United States Supreme Court in August, 1987, is complementary to 28 U.S. C. § 157(d). Generally, the Bankruptcy Rules are promulgated to provide rules of practice and procedure to complement the Bankruptcy Code and other statutes, including statutes in title 28. Bankruptcy Rule 5011(a) provides that a "motion for withdrawal of a case or proceeding shall be heard by a district judge." However, this rule does not expressly provide where the motion shall be filed. Section 157(d) of title 28 is also silent regarding where a withdrawal motion shall be filed.

Nevertheless, the Advisory Committee Note to Bankruptcy Rule 5011 fills this procedural gap and clearly explains that a [m]otion for withdrawal pursuant to 28 U.S.C. § 157(d) or abstention pursuant to

---

1. Integon is also a wholly-owned subsidiary of Southmark Corporation and acquired the mort-

gage on the apartment complex property owned by Forest Lane.

28 U.S.C. § 1334(c), like all other motions, [is] to be filed with the clerk as required by Rule 5005(a). If a bankruptcy clerk has been appointed for the district, all motions are filed with the bankruptcy clerk. The method for forwarding withdrawal motions to the district court will be established by administrative procedures.

In accordance with this commentary, all withdrawal motions made pursuant to 28 U.S.C. § 157(d) in this district should be filed with the bankruptcy clerk. Further, the method of forwarding a withdrawal motion to the district court for a hearing has been established by local administrative rule.

Local Rule B–106 of the District Court Rules of Bankruptcy Practice and Procedure for the United States District Court of Utah requires that a party seeking a transfer of an adversary proceeding to the district court for disposition must file an application for a transmittal order with the bankruptcy court. Thereafter, the bankruptcy court can certify that a transfer of an adversary proceeding is appropriate under one of the grounds specified in Local Rule B–106(1)(A)–(C). Local Rule B–106 provides in pertinent part:

A particular proceeding commenced in or removed to the bankruptcy court shall be transferred to the district court for disposition by a district judge only in accordance with the following procedure:

(1) A party seeking such transfer shall file an application therefor in the bankruptcy court certifying one or more of the following grounds:

(A) The particular proceeding is a personal injury tort or a wrongful death claim within the purview of 28 U.S.C. 157(b)(5).

(B) Resolution of the particular proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce and thus must be withdrawn to the district court under 28 U.S.C. 157(d).

(C) Cause exists, within the contemplation of 28 U.S.C. 157(d), for the withdrawal of the particular proceeding to the district court (a specification of such alleged cause must be stated).

Grounds for transmittal include a certification that cause exists, within the contemplation of 28 U.S.C. § 157(d), for the withdrawal of a particular proceeding to the district court. Local Rule B–106(1)(C).

Local Rule B–106 is consistent with Bankruptcy Rule 5011(a) which requires the district court to hear a motion to withdraw a case or proceeding. Local Rule B–106 is the administrative procedure adopted by this court as the method of transferring withdrawal motions in an orderly manner to the district court. This local rule respects the policy of having all motions regarding bankruptcy matters filed with the bankruptcy clerk. Subsequent to the filing of a withdrawal motion and application for a transmittal order with the bankruptcy clerk, the bankruptcy judge will sign and enter the order on the docket sheet of the adversary proceeding. Then, in accordance with local rules, the bankruptcy clerk will forward the motion to the district court clerk who will randomly assign the matter to a district judge for a hearing.

Despite the applicable procedure for forwarding withdrawal motions as outlined by local rule, the plaintiffs' counsel did not file the required application for a transmittal order with the bankruptcy court. This court is of the opinion that Local Rule B–106 is complementary with 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a). While section 157(d) of title 28 and Bankruptcy Rule 5011(a) provide that a district judge shall hear a withdrawal motion, Local Rule B–106 provides the administrative procedure to forward a withdrawal motion to the district court. Consequently, plaintiffs' motion is not properly before this court. Until the plaintiffs file this withdrawal motion in the bankruptcy court and properly apply for a transmittal order in accordance with Local Rule B–106, this court cannot address whether equitable or other grounds exist to withdraw the reference regarding the adversary proceedings.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion is denied.